IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY DEAN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV39 |
| | ) | |
| v. | ) | |
| | ) | |
| T. D. GENSLER, M.D., | ) | **MEMORANDUM** |
| DENTIST DEPARTMENT, | ) | **AND ORDER** |
| UNKNOWN NEWTON, Director, | ) | |
| UNKNOWN THORNTON, | ) | |
| Officer #1686, and | ) | |
| DOUGLAS COUNTY, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Basically, Anthony Dean Davis (Davis) sues because he claims that while he was in the custody of Douglas County Corrections he was not provided with eye glasses, was not tested for Hepatitis C, and was placed in segregation in retaliation for complaining about his medical problems. The defendants moved for summary judgment. I granted the motions (filing 49), and I now briefly explain why I did so.

## *I. BACKGROUND*

Observing that Davis has not responded to the motions for summary judgment, and after my independent review of the evidence (filings 45 and 48), I find the following to be the material undisputed facts:

1. The facts set forth in the separately numbered paragraphs of Dr. Gensler's brief (filing 44 at CM/ECF pp. 3-10, ¶¶ 1-22) are true.

2.      The facts set forth in the separately numbered paragraphs of the brief of Douglas County, Nebraska and the related defendants (filing 47 at CM/ECF pp. 2-14, ¶¶ 1-35) are true.

3.      In particular, I find the following facts are undisputed and especially important:

A.      Davis was housed at the Douglas County Corrections Center from about November 16, 2006 until about March 19, 2007. (Filing 44 at CM/ECF p. 3, ¶ 2.) The plaintiff is no longer under the custody or care of any of the defendants, but is housed at a state facility, the Community Correctional Center-Lincoln. (Filing 44 at CM/ECF p. 3, ¶ 1.)

B.      According to the plaintiff's admission at his deposition, his complaint is focused exclusively on medical treatment or the lack thereof. (E.g., filing 47 at CM/ECF p. 3, ¶ 10. )

C.      Following the plaintiff's transfer to the custody of the State of Nebraska, he received eye glasses (e.g., filing 44 at CM/ECF p. 5, ¶ 13) as well as testing and treatment for Hepatitis C. (E.g., filing 44 at CM/ECF p. 7, ¶ 19.) According to the plaintiff's admission at his deposition, he has not suffered any lasting injury or any financial loss by not receiving eye glasses or testing for Hepatitis C while under the custody or care of the defendants. (E.g., filing 44 at CM/ECF pp. 6-7, ¶¶ 14, 19-20; filing 47 at CM/ECF pp. 12-13, ¶ 33.) It is true that Davis was diagnosed with Hepatitis C when he came into the custody of the state authorities, but it is also true that Davis admitted at his deposition that he suffered no lasting problems or injuries as a result of any delay in testing over the five months or so that he was held in the Douglas County facility. (Filing 47 at CM/ECF p. 13, ¶ 33.) Davis did not contract Hepatitis C while in the custody or under the care of any of the defendants. (Filing 47 at CM/ECF p. 12, ¶ 33.)

D. According to the plaintiff's admission at his deposition, he was not disciplined because he requested medical treatment or complained about the lack of treatment. (E.g., filing 44 at CM/ECF pp. 7-8, ¶ 21.)

E. According to the plaintiff's admission at his deposition, he did not exhaust his administrative remedies regarding Douglas County, Nebraska and the related defendants and he knew of that omission at the time he filed suit. (E.g., Filing 47 at CM/ECF p. 13, ¶¶ 24-25.)

F. According to the plaintiff's admission at his deposition, he has abandoned his claim for damages and is now seeking only equitable relief on behalf of future prisoners at the Douglas County facility. (E.g., filing 44 at CM/ECF pp. 9-10, ¶ 22; filing 47 at CM/ECF p. 9, ¶ 28.)

## II. ANALYSIS

While I conclude that the foregoing facts support summary judgment on all of the grounds asserted in the defendants' briefs, I discuss only the most obvious reasons in this memorandum. I turn first to the retaliation claim, and then I examine the medical claims.

Initially, summary judgment must be granted because the plaintiff's retaliation claim has no merit. In his deposition, the plaintiff admitted that he was not disciplined for seeking medical care or for complaints regarding medical care. As a result, his claim fails because there is no evidence to support it.

Next, summary judgment must be granted on the plaintiff's medical claims regarding denial of eye glasses and testing for Hepatitis C for two related reasons, lack of standing and failure to exhaust administrative remedies. To begin, note that (a) the plaintiff has abandoned his claim for damages; (b) he has received eye glasses

as well as testing and treatment for Hepatitis C while in the custody of the State of Nebraska; (c) he is no longer in the custody (or under the care) of any of the defendants and there is no reason to think that he will return to their custody or care within the foreseeable future; (d) the plaintiff seeks only equitable relief on behalf of future prisoners at the Douglas County facility; and (e) the plaintiff has not exhausted his administrative remedies. As a result of the foregoing, Davis lacks standing to prosecute this case. *See, e.g.*, *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119-1120 (8th Cir. 2007) (pro se county jail detainee lacked standing to seek injunctive relief to end the county jail's unwritten pull-teeth-only policy for treatment of chronic dental problems, where detainee was transferred to another correctional facility, his dental ailments were treated without complaint at transferee facility, and there was no reason to believe that detainee would be returned to county jail.). The plaintiff has also failed to exhaust his administrative remedies as required by federal statute as a condition precedent to filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Consequently, summary judgment must be granted as to the medical claims.

IT IS ORDERED that a separate judgment shall be issued in favor of the defendants, providing that the plaintiff shall take nothing and dismissing this case with prejudice.

June 9, 2008.                    BY THE COURT:

                                 *s/Richard G. Kopf*
                                 United States District Judge